**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Miguel Eduardo Montilla Flores,
Petitioner
-vs-
Markwayne Mullin, et al.,
Respondents.

CV-26-5010-PHX-JFM

**Order**

Under consideration is Petitioner's Petition for Writ of Habeas Corpus filed July 17, 2026 (Doc. 1).

Petitioner is a native and citizen of Venezuela who entered the country without inspection in 2022, was encountered at the border, detained, and then released on parole. Since then Petitioner has remained in country, crime free and reporting in to immigration officials as directed. On July 13, 2026, Petitioner reported for a routine check-in, and without warning, explanation or hearing was taken into custody and held as such ever since. Petitioner filed, through counsel, the instant habeas petition asserting violations of a right to due process, and violation of the Administrative Procedures Act, seeking relief in the form of release and an injunction against similar re-detention, and declaratory relief.

Respondents have filed their Response (Doc. 9) not opposing the petition or the requested relief of release from custody. The Court accepts this concession as non-opposition to granting Petitioner's habeas corpus petition and the release as ordered herein.

The form of relief in a habeas proceeding is within the discretion of the Court.

"[The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Federal courts have a fair amount of flexibility in fashioning specific habeas relief. "A federal court is vested with the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus. The court is free to fashion the remedy as law and

- 1 -

justice require and is not required to order petitioner's immediate release from physical custody."

*Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) (citations omitted).

Here, the Court finds the appropriate form of relief is release from current custody, along with a limited injunction against re-detaining Petitioner without prior notice and hearing, absent a significant change in Petitioner's circumstances, e.g. intervening criminal conduct, failure to report as directed, etc. The latter is intended to prevent a repeat violation, leaving Petitioner open to continual arrest and release.

The Court declines to impose the heightened burden of proof requested by Petitioner, because: (1) Petitioner proffers no basis for it; (2) it does not accord with the regulatory burdens of proof; and (3) such a standard has been enforced by the Ninth Circuit after being imposed by a court as a remedy in prior case no longer under review. *See* 8 C.F.R. § 1236.1(c)(8); and *Martinez v. Clark*, 124 F.4th 775, 781–82 (9th Cir. 2024) (heightened burden imposed in prior habeas case).

**IT IS THEREFORE ORDERED:**

(A) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART** as described herein.

(B) Respondents must **RELEASE** Petitioner within three days of the filing of this Order, subject to the same conditions of release previously imposed on Petitioner.

(C) Respondents must file a **NOTICE OF COMPLIANCE** within **three days** of releasing Petitioner, including the particulars of the release (time, conditions, etc.).

(D) Absent a significant change in Petitioner's circumstances, Respondents must not re-detain Petitioner without prior written notice and an opportunity to be heard on the reasons for the re-detention and consideration of bond.

(E) Any pending motions are **DENIED** as moot.

(F) The Clerk of Court must enter **JUDGMENT** in Petitioner's favor and **CLOSE** this case.

Dated: July 28, 2026

26-5010-001o Order 26 07 28 on Petition for Writ of Habeas Corpus.docx

James F. Metcalf
United States Magistrate Judge

- 2 -